**Cleveland E. McMILLAN, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4210.**

District of Columbia Court of Appeals.

Argued May 8, 1967.

Decided June 26, 1967.

Michael P. Bentzen, Washington, D. C., appointed by this court with whom Charles A. Miller, Washington, D. C., was on the brief, for appellant.

Geoffery M. Alprin, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Donald E. Santarelli, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Appellant and one Gaither were charged jointly with petit larceny, D.C.Code 1961,

---

§ 22–2202, for taking money from the complaining witness by means of "flim-flam" or confidence operation. Gaither pleaded guilty. Appellant entered a plea of not guilty and was later tried by the court and convicted.

Complaining witness Williams testified that Gaither approached him and asked the location of an unspecified hotel. Thereafter, appellant joined the two and in an ensuing conversation they all decided to "go and find * * * women." It was initially planned that Williams and appellant would give Gaither five dollars each for their announced purpose. Appellant apparently changed his mind for he then asked Williams to "give us five dollars so we can go to the hotel." The record is silent as to the answer to this request.

Typical of the "flim-flam" game, Gaither suggested when they approached their destination that he and Williams pool their extra money in a handkerchief for security purposes. This was done and the money supposedly secreted under a trash can. Appellant was not involved in this portion of the transaction although he did remain with Williams while the money was "hidden." After the purported concealment of the currency, Williams became suspicious, left his acquaintances for a minute and a half to "see the money," discovered it was missing and returned to find that Gaither and appellant were gone.

The initial testimony indicated that it was appellant who made the first contact with Williams, but Williams later said he was first approached by Gaither, that appellant "didn't do anything and I can't remember the words he was saying," and that it was Gaither who had the handkerchief and suggested that the money be "hidden."

It is true that appellant was at the scene and in the parties' company for a brief period. But the short, confusing transcript reveals that no words were spoken by appellant implicating him in the crime, that no inducements were made to Williams by ap-

pellant, that appellant put no money in the handkerchief which belonged to Gaither, that appellant had nothing to do with the "hiding," and that there was no evidence of any criminal association or conspiracy between Gaither and appellant. These facts fell short of establishing guilt under the statute. Appellant was there at one point and gone at a later time. The circumstances were suspicious, but they were not strong enough to support a conviction.

Reversed with instructions to enter judgment of acquittal.